1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KATE SVALDI,

                Plaintiff,

    v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                Defendant.

NO.  C12-1710-RSL

REPORT AND
RECOMMENDATION

## I.      INTRODUCTION AND SUMMARY CONCLUSION

This matter comes before the Court on the plaintiff's Motion for Equal Access to

Justice Act ("EAJA") Fees, including attorney's fees and costs under 28 U.S.C. § 2412 and 28

U.S.C. § 1920.  Dkt. 27.  The Commissioner opposes the motion.  Dkt. 29.  Although the

undersigned believes the Commissioner's argument is sound, the Court reluctantly

recommends that the plaintiff's motion (Dkt. 27) be GRANTED.

## II.      FACTS AND PROCEDURAL HISTORY

Plaintiff filed a claim for Disability Insurance Benefits ("DIB") alleging disability

beginning July 3, 2008.  Administrative Record ("AR") at 98-99, 109.  The Commissioner

denied plaintiff's claim initially and on reconsideration. AR at 51-54, 56-57.  Plaintiff

requested a hearing, which took place on January 19, 2011.  AR at 29-48.  On February 17,

REPORT AND RECOMMENDATION - 1

1  2011, the ALJ issued a decision finding plaintiff not disabled and denied benefits based on his

2  finding that plaintiff could perform a specific job existing in significant numbers in the national

3  economy.  AR at 14-24.  Plaintiff's request for review was denied by the Appeals Council after

4  considering post-hearing evidence, AR at 1-6, making the ALJ's ruling the "final decision" of

5  the Commissioner as that term is defined by 42 U.S.C. § 405(g).  On appeal to the district

6  court, the undersigned issued a Report and Recommendation dated June 18, 2013, affirming

7  the ALJ's decision.  Dkt. 18.  On November 4, 2013, U.S. District Judge Robert S. Lasnik

8  issued an order reversing the decision and remading this case to the Commissioner for further

9  proceedings based on a new treating physician report (the "New Agnani Report") indicating

10  that the plaintiff suffered from a chronic condition and was not able to engage in gainful

11  employment.  Dkt. 22.  On December 2, 2013, the Commissioner filed a motion to amend the

12  judgment pursuant to F.R.C.P. 59(e), claiming Judge Lasnik erred by remanding the case back

13  to the Commissioner because the New Agnani Report did not provide a basis for changing the

14  ALJ's decision.  Dkt. 23 at 2.  Judge Lasnik denied the motion.  Dkt. 25.  On January 28, 2014,

15  judgment was entered reversing the Commissioner's decision and remanding the matter for

16  further proceedings.  Dkt. 26.  Thereafter, the plaintiff, as the prevailing party, submitted the

17  instant Motion for EAJA Fees and an affidavit in support by plaintiff's counsel.  Dkt. 27.  The

18  Commissioner opposed plaintiff's motion, Dkt. 29, and plaintiff submitted a reply in support.

19  Dkt. 30.

20  III.    DISCUSSION

21  A.    Standards of Review

22  *1.    Legal Standard under the EAJA*

23  The Equal Access to Justice Act ("EAJA") provides, in relevant part:

24

REPORT AND RECOMMENDATION - 2

1

2

3

4

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

5

28 U.S.C. § 2412(d)(1)(A).

6

7

Thus, to be eligible for attorney's fees under EAJA: (1) the claimant must be a

"prevailing party"; (2) the government's position must not have been "substantially justified";

8

9

(3) no "special circumstances" exist that make an award of attorney's fees unjust; and (4) the

fee request must be "reasonable."  28 U.S.C. § 2412(d)(1)(A).  *See, e.g.*, *Commissioner, INS v.*

10

*Jean,* 496 U.S. 154, 158 (1990); *Perez-Arellano v. Smith*, 279 F.3d 791, 792 (9th Cir. 2002).

11

Here, the Commissioner does not contest that plaintiff was the prevailing party in this

12

action, nor that the total amount of fees requested is unreasonable.  In addition, the

13

Commissioner does not argue that special circumstances exist such that an award of attorney's

14

fees would be unjust.  *See* Dkt. 29.  Rather, the Commissioner argues that her position in

15

defending the ALJ's decision was "substantially justified."

16

### 2.    *Substantial Justification*

17

Under EAJA, with certain exceptions not applicable here, the Court awards fees and

18

expenses to a prevailing party in a suit against the government unless it concludes that the

19

position of the government was "substantially justified."  28 U.S.C. § 2412(d)(1)(A).  The

20

Commissioner's position is deemed substantially justified if it meets the traditional standard of

21

reasonableness, meaning it is "justified in substance or in the main, or to a degree that could

22

satisfy a reasonable person."  *Lewis v. Barnhart,* 281 F.3d 1081, 1083 (9th Cir. 2002) (quoted

23

sources and internal quotation marks omitted).  While the government's position need not be

24

REPORT AND RECOMMENDATION - 3

1    correct, it must have "reasonable basis in law and fact." *Id.* (citing *Pierce v. Underwood,* 487

2    U.S. 552, 566 n. 2 (1988)).

3        "The government bears the burden of demonstrating substantial justification."

4    *Thangaraja v. Gonzales,* 428 F.3d 870, 874 (9th Cir. 2005) (quoting *Gonzales v. Free Speech*

5    *Coalition,* 408 F.3d 613, 618 (9th Cir. 2005)).  Specifically, defendant's position must be "*as a*

6    *whole*, substantially justified." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258-59 (9th Cir. 2001)

7    (emphasis in original).  That position also must be substantially justified at each stage of the

8    proceedings. *Corbin v. Apfel*, 149 F.3d 1051, 1052 (9th Cir. 1988); *see also Hardisty v.*

9    *Astrue*, 592 F.3d 1072, 1078 (9th Cir. 2010).  Accordingly, the government must establish that

10   it was substantially justified both in terms of (1) "the underlying conduct of the ALJ" and that

11   (2) "its litigation position defending the ALJ's error." *Gutierrez*, 274 F.3d at 1259; *see also*

12   *Meier v. Colvin*, 727 F.3d 867, 872 (9th Cir. 2013) ("[W]e first consider the underlying agency

13   action, which . . . is the decision of the ALJ.  We then consider the government's litigation

14   position.").  The Ninth Circuit has stated that "if 'the government's underlying position was

15   not substantially justified, we [must award fees and] need not address whether the

16   government's litigation position was justified.'" *Tobeler v. Colvin*, No. 12-16392, 2014 WL

17   1509018, at *1 (9th Cir. Apr. 18, 2014) (citing *Meier*, 727 F.3d at 870).

18       A district court's "holding that the agency's decision . . . was unsupported by

19   substantial evidence is . . . a strong indication that the 'position of the United States' . . . was

20   not substantially justified." *Id.* (quoting *Thangaraja,* 428 F.3d at 874) ("[I]t will be only a

21   'decidedly unusual case in which there is substantial justification under the EAJA even though

22   the agency's decision was reversed as lacking in reasonable, substantial and probative evidence

23   in the record.'") (citation omitted)).  Indeed, the Ninth Circuit has commented that "[i]t is

24   difficult to imagine any circumstance in which the government's decision to defend its actions

REPORT AND RECOMMENDATION - 4

1   in court would be substantially justified, but the underlying decision would not." *Sampson v.*

2   *Chater*, 103 F.3d 918, 922 (9th Cir. 1996) (quoting *Flores v. Shalala*, 49 F.3d at 562, 570 n. 11

3   (9th Cir. 1995)).

4       B.       Underlying Agency Conduct: The ALJ Did Not Err in Evaluating the Medical
                 Evidence

5       Plaintiff argues that the underlying agency conduct was not substantially justified

6   because given that the New Agnani Report "supports a finding of disability, it cannot be said

7   that the ALJ's decision to deny the plaintiff's Social Security benefits was supported by

8   substantial evidence." Dkt. 27 at 5.

9       The New Agnani Report was *not* before the ALJ at the time he made his decision.

10  Rather, the New Agnani Report was submitted as evidence to the Appeals Council pursuant to

11  *Brewes v. Comm'r, Soc. Sec. Admin.*, 682 F.3d 1157 (9th Cir. 2012), in an effort to persuade

12  the Appeals Council to reverse the ALJ's decision.  That being the case, this Court cannot hold

13  the ALJ's failure to consider evidence that was not in front of him could amount to conduct

14  warranting fees under EAJA.  Indeed, when Judge Lasnik reviewed the Report and

15  Recommendation, he stated "The record the ALJ reviewed contained substantial evidence

16  supporting a finding that plaintiff was not disabled, but that it is not the only permissible

17  interpretation."  The Court also concluded that the line between disabled and not disabled was

18  "razor thin." Dkt. 22 at 2.  Because the ALJ's finding was, in fact, held to be a permissible

19  interpretation, the deference that is required to be accorded to the ALJ's findings would

20  otherwise sustain the ALJ's decision.  "Where the evidence is susceptible to more than one

21  rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be

22  upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citation omitted).

23  Accordingly, the ALJ's decision cannot be the basis for an award of fees under EAJA.

24

1

2

       C.       <u>Litigation Position:  As Required by *Toebler*, the Court Cannot Conclude That the Commissioner's Litigation Position Was Justified</u>

3

On December 10, 2010, Dr. Agnani issued an assessment report opining that "it will be

4

very difficult for [plaintiff] given her symptomatology, particularly the negative symptoms of

5

psychosis, which have not improved significantly with the medication, for her to perform full-

6

time and continuous work." Dkt. 18 at 13; AR at 240.  His December 10, 2010 report was

7

considered by the ALJ in making his decision to deny plaintiff benefits.  AR at 21, 37, 123,

8

126, 149, 152, 200-01.  As noted above, Judge Lasnik held that the record contained

9

substantial evidence supporting a finding of non-disability, but that it was not the only

10

permissible interpretation.  After the plaintiff lost before the ALJ, however, she submitted the

11

New Agnani Report to the Appeals Council.  The New Agnani Report stated "[plaintiff] is

12

diagnosed with a Bipolar I Disorder.  Because of her present symptoms she is not able to

13

engage in gainful employment at this time.  This is a chronic illness - I anticipate her

14

symptoms to continue long-term." AR at 298.  Under *Brewes*, the New Agnani Report became

15

part of the record.

16

The Appeals Council reviewed the New Agnani Report, and concluded:

17

    Regarding Dr. Agnani's opinion [the New Agnani Report], the hearing decision
    already assessed a similar opinion Dr. Agnani gave and did not adopt it because
    it was inconsistent with the longitudinal record and with her activities of daily

18

    living.  That same reasoning applies to the February 2012 opinion. [the New
    Agnani Report]

19

AR at 2.

20

The undersigned agreed with the Appeals Council.  However, that conclusion was

21

reversed by Judge Lasnik, and the case was remanded for further proceedings to consider the

22

New Agnani Report and its impact on the other findings.  This, then, is the law of the case.

23

24

REPORT AND RECOMMENDATION - 6

1   The plain meaning of the words "substantially justified" in EAJA might support the

2   position that, if a magistrate judge reviews and affirms the Commissioner, a subsequent

3   decision to remand does not necessarily equate to the conclusion that the government's

4   position was not substantially justified.  However, this conclusion would appear to be

5   foreclosed by *Meier v. Colvin*, 727 F.3d 867, 873 (9th Cir. 2013) and *Tobeler v. Colvin*, No.

6   12-16392, 2014 WL 1509018 (9th Cir. April 18, 2014).  In *Tobeler*, the ALJ neglected to

7   discuss the testimony of a lay witness, which served as the basis of the reversal of the ALJ's

8   opinion.  In a subsequent dispute as to whether EAJA fees should be awarded, citing *Meie*r, the

9   court held that "To avoid an award of EAJA fees, however, the government must show that its

10  position was substantially justified at each stage of the proceedings.  '[W]e have consistently

11  held that regardless of the government's conduct in federal court proceedings, unreasonable

12  agency action at any level entitles the litigant to EAJA fees.'  Because the government's

13  *underlying* position was not substantially justified, we award fees, even if the government's

14  *litigation* position may have been justified." *Tobeler* at *7 (emphasis in original).  Thus,

15  because the plaintiff in *Tobeler* prevailed on the issue of non-consideration of lay witness

16  testimony, which led directly to the remand, plaintiff was entitled to receive attorney's fees

17  under EAJA, because by definition, the government's position could not be "substantially

18  justified."

19      Here, the Commissioner would have prevailed, but for the submission of the New

20  Agnani Report to the Appeals Council.  Although the undersigned agreed with the

21  Commissioner's analysis, this is not the law of the case.  Plaintiff prevailed, and under *Meier*

22  and *Tobeler*, the government's position was therefore not substantially justified.  Accordingly,

23  plaintiff is entitled to fees and costs under EAJA.  Because there is not dispute about the

24

REPORT AND RECOMMENDATION - 7

1    reasonableness of the fees requested, the undersigned recommends that plaintiff's motion be

2    granted.

3            D.      Additional Views

4            At the outset of this opinion, the undersigned stated reluctance in recommending that

5    the Court grant plaintiff's motion.  This requires further explanation.  This case was remanded

6    by Judge Lasnik due to the submission of the New Agnani Report, which occurred after the

7    hearing before the ALJ.  Under *Brewes*, when the Appeals Council accepts additional medical

8    reports, previously unavailable to the ALJ at the time of the administrative hearing, the

9    evidence is incorporated into the administrative record for review by the district courts.  A

10   claimant need not show "good cause" before submitting such evidence. *See Brewes*, 682 F.3d

11   at 1162.

12           *Brewes* fosters a policy of allowing evidence to be submitted after an adverse

13   determination is made by the ALJ, without any requirement of "good cause," that can greatly

14   undermine the finality of the decision-making process and lead to possible gamesmanship.

15   Moreover, in light of the nearly automatic award of fees required by *Meier* and *Tobeler*, there

16   is little disincentive against engaging in such practices.  By pointing this out, the undersigned

17   does not mean to suggest that plaintiff's counsel's conduct should be characterized as anything

18   other than ethical.  Indeed, she is vigorously representing her client in accordance with

19   appropriate ethical standards and within the confines of the law as set out by this Circuit.

20   However, the path forward for all claimants is now clear.  If an adverse decision from the ALJ

21   is received, a plaintiff need only to file "new" information with the Appeals Council, and if the

22   Appeals Council concludes there is nothing new, appeal the case to the district court.  If the

23   district court remands the case to the Commissioner for further consideration of the "new"

24   information, attorneys' fees are due and collectible, even if the government's litigation position

REPORT AND RECOMMENDATION - 8

1    would be otherwise considered "substantially justified" by a reasonable person.  Regardless of

2    the ultimate outcome for the claimant, attorneys' fees are awarded.

3        This district is overwhelmed with Social Security appeals.  In 2013, more than 800

4    Social Security appeals were filed in the Western District of Washington.  The combination of

5    *Brewes* and *Tobeler* will only lead to more appeals filed with the district court, regardless of

6    merit.

7        Because the award of fees in this case is required by the combination of *Brewes*, *Meier,*

8    and *Tobeler*, the undersigned reluctantly recommends that plaintiff's motion for attorney fees

9    and costs (Dkt. 27) be GRANTED and that plaintiff be awarded fees in the amount of

10   $6,745.97, expenses of $26.77 pursuant to the Equal Access to Justice Act, and costs in the

11   amount of $19.05, pursuant to 28 U.S.C. § 1920.  Subject to any offset allowed under the

12   Treasury Offset Program, payment of the award will be made by check to plaintiff's counsel.

13   A proposed order accompanies this Report and Recommendation.

14       Objections to this Report and Recommendation, if any, should be filed with the Clerk

15   and served upon all parties to this suit by no later than **June 19, 2014**.  Failure to file

16   objections within the specified time may affect your right to appeal.  Objections should be

17   noted for consideration on the District Judge's motion calendar for the third Friday after they

18   are filed.  Responses to objections may be filed within **fourteen (14)** days after service of

19   objections.  If no timely objections are filed, the matter will be ready for consideration by the

20   District Judge on **June 20, 2014**.

21       DATED this 5th day of June, 2014.

22

23       JAMES P. DONOHUE
         United States Magistrate Judge

24

REPORT AND RECOMMENDATION - 9