1

2

3

4

5

6                        UNITED STATES DISTRICT COURT
                        WESTERN DISTRICT OF WASHINGTON
7                                  AT SEATTLE

8    _____
                                             )
9    KATE SVALDI,                            )
                                             )      No. C12-1710RSL
10                        Plaintiff,         )
            v.                               )
11                                           )
     CAROLYN W. COLVIN,                      )      ORDER DENYING MOTION FOR
12                                           )      ATTORNEY'S FEES
                          Defendant.         )
13   _____)

14

15          This matter comes before the Court on plaintiff's "Motion for Attorney Fees."

16   Dkt. # 27.  The Equal Access to Justice Act ("EAJA") provides that "a court shall award to a

17   prevailing party other than the United States fees and other expenses . . . incurred by that party in

18   any civil action . . . unless the court finds that the position of the United States was substantially

19   justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A).  In

20   the social security context, the government has the burden of showing that both its underlying

21   benefits decision and its litigation position were "substantially justified" in order to avoid a fee

22   award.  Gutierrez v. Barnhart, 274 F.3d 1255, 1258 (9th Cir. 2001); Hardisty v. Astrue, 592 F.3d

23   1072, 1077 (9th Cir. 2010).  "Substantially justified" means having "a reasonable basis both in

24   law and fact" such that a reasonable person would be satisfied.  Pierce v. Underwood, 487 U.S.

25   552, 565 (1988).  The key issue is whether the action or inaction which gave rise to the civil

26   litigation is factually and legally reasonable, not whether the overarching benefits decision was

ORDER DENYING MOTION
FOR ATTORNEY'S FEES

substantially justified.  28 U.S.C. § 2412(d)(2)(D); <u>Meier v. Colvin</u>, 727 F.3d 867,  (9th Cir. 2013).

Having reviewed the record in this matter and the Report and Recommendation of the Honorable James P. Donohue, United States Magistrate Judge, the Court finds as follows:

In <u>Brewes v. Comm'r of Soc. Sec.</u>, 682 F.3d 1157 (9th Cir. 2012), the Ninth Circuit held that new and material evidence presented for the first time to the Appeals Council is part of the administrative record and will generally be considered by the federal courts on review.  When that happens, however, the Appeals Council's options are rather limited:  it may (a) review the case if, taking the new evidence into consideration, the Administrative Law Judge's decision is contrary to the weight of the evidence or (b) decline review.  20 C.F.R. § 404.970(b).  As the Court previously noted, "the line between disabled and not disabled is razor thin in this case."  Dkt. # 22 at 2.  The ALJ's findings were supported by substantial evidence in the record, and the addition of Dr. Agnani's February 2012 opinion did not, in and of itself, make those findings contrary to the weight of the evidence.  Review, therefore, was not an option under § 404.970(b), and the Appeals Council so found.  AR 1.

In the circumstances of this case, the stark choice between review and not review based on the standard set forth in 20 C.F.R. § 404.970(b) meant that new evidence that may have materially impacted the overall balance of the record and, specifically, the ALJ's interpretation of Dr. Agnani's December 2010 report, was given short shrift because it was not enough to establish error outright.  The Appeals Councit would have been hard-pressed to conclude that Dr. Agnani's new report was dispositive.  It therefore dismissed plaintiff's request for review.  That does not, however, mean that the new evidence was immaterial.  Neither the Appeals Council nor this Court was in a position to determine how Dr. Agnani's February 2012 opinion would have impacted the ALJ's analysis.  The Court, declining to decide this key issue *de novo*, remanded the matter so that the Commissioner could determine whether the record as

ORDER DENYING MOTION
FOR ATTORNEY'S FEES                    -2-

supplemented warrants a finding of disability.  No error can be ascribed to the Appeals Council for failing to remand to the ALJ, however.  Assuming, for purposes of this motion, that the Appeals Council has the option of remanding the case without first finding that the underlying decision was contrary to the weight of the evidence, 20 C.F.R. § 404.977(a),[1] the choice of whether to remand is discretionary, and the failure to do so in this case was not an unreasonable application of the law or the facts.  More fundamentally, the Appeals Council's decision not to review a case is not subject to judicial review:  when that happens "the ALJ's decision becomes the final decision of the Commissioner and the district court reviews that decision for substantial evidence, based on the record as a whole."  20 C.F.R. § 404.972; Brewes, 682 F.3d at 1161-62 (internal citations and quotation marks omitted).

Unlike the situation in Meier, 727 F.3d 867, and Tobeler v. Colvin, 749 F.3d 830 (9th Cir. 2014), there was substantial evidence in the record supporting the ALJ's finding that plaintiff was not disabled at the time he made his decision.  The addition of Dr. Agnani's February 2, 2012, opinion raised issues regarding the correctness of the ALJ's interpretation of Dr. Agnani's prior opinion, however, and was material to the nature and extent of plaintiff's condition and its impact on her ability to be gainfully employed.  The Court opted to remand this action so that the fact finder who had seen the witnesses and weighed the evidence could determine whether the new opinion – which in an of itself was not enough to establish error in the Commissioner's ruling – changed the balance of the evidence before him such that, had it been timely presented, he would have ruled differently.  The ALJ's decision had a reasonable

---

[1]  The way the regulations are structured suggests that the Appeals Council must first determine that review is appropriate under the standards set forth in 20 C.F.R. § 404.970 before having the option to remand the matter to the ALJ.  The first two regulations after the standard is set forth relate to dismissals of requests for review (20 C.F.R. § 404.971 and § 404.972), while subsequent regulations presume that the Appeals Council has agreed to review the case.  For purposes of this analysis, the Court assumes that § 404.977(a) provides the Appeals Council with a middle option:  it can remand to the ALJ for additional fact-finding or consideration even if it is unable to conclude that the ALJ's decision was contrary to the weight of the evidence.

ORDER DENYING MOTION
FOR ATTORNEY'S FEES                    -3-

basis in law and fact, regardless of the outcome of the case on remand.

In these circumstances, the Court finds that the ALJ's disability determination was substantially justified, as was the Commissioner's litigation position in this action.  Both the Magistrate Judge and the undersigned concluded that there was substantial evidence in the record to support the ALJ's findings:  the undersigned reversed and remanded the matter solely because the submission of new evidence before the Appeals Council added data to the record and corrected an interpretive error on which the ALJ apparently relied to an unknown extent.  Rather than attempt to weigh the new evidence *de novo* or guess how the new evidence would have impacted the ALJ's analysis, the Court deferred to the Commissioner.  Reasonable minds could – and did – find that the Commissioner's decision to deny benefits and her defense of the ALJ's decision was justified in law and in fact.  Lewis v. Barnhart, 281 F.3d 1081, 1084 (9th Cir. 2002).  The first exception to the award of fees therefore applies.  28 U.S.C. § 2412(d)(1)(A).  The Court also finds that the "special circumstances" exception applies.  The administrative process was effectively stymied by the late submission of evidence that may or may not have had a material effect on the outcome before the ALJ.  Neither the Appeals Council nor this Court were particularly well-placed to evaluate the effect the new evidence would have had on the ALJ had it been presented with the rest of the information.  Even if the Appeals Council had the option to remand the matter for further proceedings without granting review, the decision not to remand is discretionary and is not reviewable.  Given that no aspect of the Commissioner's conduct was unreasonable, that the finding of "not disabled" was and may yet be supported by substantial evidence, and that it was plaintiff's late submission of evidence which led to the procedural quandary in which we find ourselves, an award of fees in these circumstances would be unjust.

ORDER DENYING MOTION
FOR ATTORNEY'S FEES                     -4-

1            For all the foregoing reasons, plaintiff's motion for attorney's fees (Dkt. # 27) is

2  DENIED.

3

4            Dated this 14th day of August, 2014.

5

6                         Robert S. Lasnik

7                         United States District Judge

ORDER DENYING MOTION
FOR ATTORNEY'S FEES             -5-